UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC, | ) ) ) | CIV. 13-5040-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ZELIJKA CURTULLO, | ) ) ) | ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS RICO CLAIM, DENYING PLAINTIFF'S |
| Defendant, | ) ) ) | MOTION TO DISMISS THE RICO COUNTERCLAIMS, AND DENYING |
| and | ) ) | PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| SHIBA INVESTMENTS, INC., KARIM MERALI, and | ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| JAMES HENDERSON, | ) ) ) | |
| Third-Party Defendant. | ) | |

Third-party plaintiffs, Shiba Investments, Inc. and Karim Merali, brought

claims against third-party defendant, James Henderson, alleging violations of

the Racketeer Influenced and Corrupt Organizations (RICO) Act, breach of

contract, conversion, and tortious interference with a business expectancy.

Henderson moved to dismiss the claim alleging RICO violations pursuant to

Federal Rules of Civil Procedure 9(b) and 12(b)(6) on August 21, 2013. Shiba

and Merali have not responded. For the following reasons, Henderson's motion is granted.

Also pending before the court is plaintiff, Atmosphere Hospitality Management, LLC's, motion to dismiss Shiba and Merali's RICO counterclaims. Docket 16. After Atmosphere filed its motion to dismiss the counterclaims, Atmosphere amended its complaint, and Shiba and Merali amended their answers. Shiba and Merali no longer assert RICO counterclaims against Atmosphere. Therefore, Atmosphere's motion is denied as moot.

Atmosphere is also seeking attorneys' fees and expenses associated with its motion for preliminary injunction. Shiba and Merali contend that Atmosphere is not entitled to attorneys' fees for a myriad of reasons. Because D.S.D. LR 54.1C requires a party to move for fees 28 days "after the entry of judgment"[1] and judgment has not been entered, the court finds this motion to be premature and denies the motion.

## BACKGROUND

The facts, according to the third-party complaint, are as follows:

Atmosphere Hospitality Management, LLC is a Delaware limited liability company. Atmosphere Hospitality Management Services, LLC, (AHMS)—a

---

[1] Local Rule 54.1 requires a party seeking attorney's fees to file a motion 28 calendar days "after the entry of *judgment.*" D.S.D. Civ. LR 54.1C (emphasis added).

nonparty to this litigation—is purportedly a Delaware limited liability company. Henderson is a managing member and employee of Atmosphere and AHMS.

Shiba is a Texas corporation with its principal place of business in South Dakota. Merali is a resident of South Dakota.[2]

Atmosphere and Shiba entered into a licencing agreement involving a hotel that Shiba owns in Rapid City, South Dakota. AHMS and Shiba entered into a property management agreement involving the same hotel. Under the agreement, Henderson was responsible for managing the hotel property.

Due to the confusing nature of the third-party complaint, the court will quote the remaining relevant factual assertions:

> Henderson and AHMS failed to manage the property consistent with similar facilities by failing to properly account to the owners for funds generated by the facility or the use of the same, including use of those funds to: 1) pay unauthorized salaries; 2) commingle or otherwise place Hotel funds into accounts not approved, authorized or accessible to owner via interstate, intrastate, wire and mail transfer; 3) pay personal expenses of Henderson; or 4) otherwise misappropriate Hotel funds. Docket 8 at ¶ 42.

> Henderson and AHMS breached the contract and their fiduciary duties to Shiba and Merali, on multiple occasions, by paying via interstate, intrastate, wire and mail transfers, from the income of the Hotel, overhead or compensation of Atmosphere personnel, other than employees working at the Rapid City location. *Id.* at ¶ 44.

> Henderson and AHMS breached the contract and their fiduciary duties to Shiba and Merali, on multiple occasions, by failing to maintain records and books of accounts for the Property in accordance with the most-recent version of the Uniform System of

---

[2] The third-party complaint is silent on Merali's association with Shiba.

3

Accounts for the Lodging Industry, Tenth Revised Edition. *Id.* at ¶ 46.

Henderson and AHMS breached the contract and their fiduciary duties to Shiba and Merali, on multiple occasions, it is believed, by failing to obtain Owner's written consent on payments or transfers to vendors in excess of $50,000 per year. These payments were made via interstate, intrastate, wire and mail transfers. *Id.* at ¶ 48.

Henderson and AHMS breached the contract and their fiduciary duties to Shiba and Merali, on multiple occasions, it is believed by, among other things, commingling Hotel funds with those of other individuals or entities, to the exclusion of the owner, converting the funds for personal use, including payment of personal bills and expenses, making unauthorized payments to family members and business associates and engaging in other acts which constitute a breach the fiduciary duties, willful neglect, fraud or gross negligence. AHMS agreed to indemnify Shiba from such acts. § 3.03. Further, these payments were made via interstate, intrastate, wire and mail transfers. *Id.* at ¶ 49.

Henderson and AHMS breached the contract and their fiduciary duties to Shiba and Merali, it is believed by, among other things, miscalculating the profit in order to increase the fee that was due. They also wrongful [sic] converted to their own use funds which were not due, including pre-paid bookings. *Id.* at ¶ 50.

Plaintiff and Third Party Defendant intentionally participated in a scheme to defraud Defendants of money or property during the period of February 2012 through the present, and used the mails or wires in furtherance of that scheme on at least two occasions during that period. *Id.* at ¶ 55.

At some point, Shiba communicated, verbally and in writing, to Atmosphere and Henderson its desire to terminate the licensing agreement. It is not disputed that the licensing agreement was terminated.

4

**LEGAL STANDARD**

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion to dismiss under Rule 12(b)(6), the court may consider the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive the motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual content in the complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Braden v. Wal-Mart Stores*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**DISCUSSION**

Henderson moves to dismiss third-party plaintiffs' RICO claim under two separate theories. First, Henderson alleges that third-party plaintiffs failed to state a RICO cause of action against him under Rules 9(b) and 12(b)(6).  Second, Henderson alleges that third-party plaintiffs lack standing because they were not injured "by reason of" any alleged RICO violation.

The RICO Act contains a civil enforcement scheme that provides as

follows:

> Any person injured in his business or property by reason of a
> violation of section 1962 of this chapter may sue therefor in any
> appropriate United States district court and shall recover threefold
> the damages he sustains and the cost of the suit, including a
> reasonable attorney's fee.

18 U.S.C. § 1964(c). As indicated in § 1964(c), RICO violations are listed in 18

U.S.C. § 1962 and include the following:

> (1) It is unlawful to use or invest any income derived from a pattern
> of racketeering activity in acquisition of any enterprise which is
> engaged in interstate commerce (a § 1962(a) violation);

> (2) It is unlawful to acquire any interest in any enterprise which is
> engaged in interstate commerce through a pattern of racketeering
> activity (a § 1962(b) violation);

> (3) It is unlawful for any person associated with any enterprise
> engaged in interstate commerce to participate in the conduct of
> such enterprise's affairs through a pattern of racketeering activity (a
> § 1962(c) violation); and

> (4) It is unlawful to conspire to violate §§ 1962(a), (b), or (c).

*See* 18 U.S.C. § 1962; *Bowman v. W. Auto Supply Co.*, 985 F.2d 383, 384 n.1

(8th Cir. 1993).

The third-party complaint cites § 1962(c)[3] in the count alleging RICO

violations. "A violation of § 1962(c) requires [third-party plaintiffs] to show (1)

---

[3] Paragraph 52 of the third-party complaint states: "18 U.S.C.A. § 1961
et seq., makes it a crime 'to conduct' an 'enterprise's affairs through a pattern
of racketeering activity.' 18 U.S.C.A. § 1962(c)." Docket 8 at 9.

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nitro Distrib. Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009). Third-party plaintiffs "must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Moreover, a "RICO claim must be pleaded with particularity under Rule 9(b)." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). "Under Rule 9(b)'s heightened pleading standard, allegations of fraud must be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* (citing *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011)). Henderson argues that third-party plaintiffs failed to state a RICO claim because they cannot establish a sufficient enterprise, failed to plead a pattern of racketeering activity, and did not plead sufficient predicate acts of mail or wire fraud.

The court begins and ends its analysis by examining whether third-party plaintiffs sufficiently alleged a pattern of racketeering activity. "A pattern is shown through two or more related acts of racketeering activity that amount to or pose a threat of continued criminal activity." *Nitro Distrib. Inc.*, 565 F.3d at 428. While it is not entirely clear, third-party plaintiffs appear to have alleged that predicate acts of mail and wire fraud form the necessary pattern of racketeering activity. *See* Docket 8 at 9 ("[Atmosphere] and [Henderson] intentionally participated in a scheme to defraud [third-party plaintiffs] of money

7

or property during the period of February 2012 through the present, and used the mails or wires in furtherance of that scheme on at least two occasions during that period."). "Rule 9(b) requires that a party alleging fraud or mistake 'state with particularity the circumstances constituting a fraud or mistake.' " *Nitro Distrib. Inc.*, 565 F.3d at 428 (quoting Fed. R. Civ. P. 9(b)).[4] Third-party plaintiffs have failed to do so in their third-party complaint.

Most noticeably absent from the third-party complaint is any particular dates on which the alleged predicate acts of mail and wire fraud took place. Instead, third-party plaintiffs' sole reference to a date is the generic allegation that Henderson and Atmosphere defrauded third-party plaintiffs "during the period of February 2012 through the present[.]" Docket 8 at 10. Alleging specific times is necessary, not only under Rule 9(b) requirements, but also because to sufficiently plead a RICO violation one must plead facts showing there was a "pattern" of racketeering activity. The pattern must amount to or pose a threat of continued criminal activity, i.e., the continuity requirement. *Crest Constr. II, Inc.*, 660 F.3d at 356. To satisfy the continuity requirement, third-party plaintiffs must allege facts tending to show that multiple predicate acts occurred

---

[4] "When examining a motion to dismiss a RICO claim based on mail and wire fraud, a court must determine 'whether the plaintiffs have sufficiently pleaded mail and wire fraud under the standard of Rule 9(b).' " *Midwest Special Surgery, P.C. v. Anthem Ins. Cos.*, Civ. No. 09-646, 2010 WL 716105, at *8 (E.D. Mo. Feb. 24, 2010) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 918 (8th Cir. 2001)).

over a *substantial* period of time or predicate acts threaten to extend into the future. *Id.* By not pleading particular times, third-party plaintiffs failed to establish the continuity requirement and failed to sufficiently plead a pattern of racketeering activity.

A failure to sufficiency plead one RICO element is cause to dismiss for failure to state a claim.[5] *Sedima, S.P.R.L.*, 473 U.S. at 496. Accordingly, it is

ORDERED that third-party defendant's motion to dismiss the RICO claim (Docket 21) is granted without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to dismiss the RICO counterclaims (Docket 16) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for attorneys' fees to be held in abeyance is premature and denied without prejudice.

Dated February 20, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[5] Although the court's ruling is based solely on third-party plaintiffs' failure to sufficiently plead a pattern of racketeering, concerns also rise regarding whether an "enterprise" was properly pleaded. "Three elements must be proven to show that a RICO enterprise existed: (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." *United States v. Lee*, 374 F.3d 637, 647 (8th Cir. 2004); *see also* 5 Wright and Miller, *Federal Practice & Procedure*, § 1251.1.