UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC, | ) ) ) | CIV. 13-5040-KES |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ZELJKA CURTULLO, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTIONS |
| Defendant, | ) ) | |
| and | ) ) | |
| SHIBA INVESTMENTS, INC., KARIM MERALI, and | ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| JAMES HENDERSON, | ) ) | |
| Third-Party Defendant. | ) | |

Plaintiff, Atmosphere Hospitality Management, Inc., brought suit against

defendants Shiba Investments, Inc. and Karim Merali alleging a claim for fraud in the

inducement of a contract, among others. Defendants Shiba and Merali move for

summary judgment on the issue of whether Atmosphere can seek the remedy of

rescission for its fraudulent inducement claim. Atmosphere resists the motion and also

moves for a continuance or denial of defendants' motion because discovery has not taken place and it cannot present facts essential to justify its opposition to defendants' motion for summary judgment. For the following reasons, defendants' motion is denied without prejudice, and Atmosphere's motion is granted.

Atmosphere also moves for an extension of time to serve defendant Zeljka Curtullo. Because good cause appears for Atmosphere's failure to serve Curtullo within the 120-day period, the motion is granted.

## PROCEDURAL BACKGROUND

Atmosphere filed suit against Shiba and Merali on May 20, 2013. The initial complaint alleged claims for breach of contract, tortious interference with a business expectancy, and defamation and sought damages and injunctive relief. Docket 1. On September 5, 2013, Atmosphere moved to amend its complaint to add an additional defendant, Zeljka Curtullo, and to add additional claims for fraud in the inducement of a contract, deceit, misappropriation of trade secrets, and conversion.[1] Dockets 25 and 26. One day later—September 6, 2013—Atmosphere moved for a preliminary injunction asking the court to order Shiba, Merali, and Curtullo to cease representing its hotel under the Adoba® name, using Adoba® proprietary information, using non-approved marketing regarding the Adoba® brand, representing to vendors that it is

---

[1] The court granted Atmosphere's motion to amend its complaint on October 4, 2013. Docket 36.

Atmosphere's responsibility to pay Shiba's debts, contacting Atmosphere's business affiliates, and making false statements about Atmosphere. Docket 27. Atmosphere also asked that defendants be ordered to pay all their debts to vendors. *Id.*

A three-day hearing was held on Atmosphere's motion for preliminary injunction. After considering the evidence presented during the hearing and the parties' arguments, the court granted in part and denied in part Atmosphere's motion for preliminary injunction. Docket 53. The evidence presented during the hearing is more fully set out in this court's December 18, 2013, order. In summary, Atmosphere failed to put forth sufficient evidence to meet its burden to show that defendants should be enjoined from using the Adoba® brand and processes associated with the brand while this action is pending. Additionally, Shiba was ordered to pay all debts owed to vendors that were incurred in the operation of the hotel and to refrain from informing vendors that Atmosphere is responsible to pay these debts.

After the court was supplied with the parties' Form 52 report and scheduling information, the court entered a scheduling order in this case on December 30, 2013. Docket 55. The discovery deadline was June 2, 2014, and the motions deadline was July 15, 2014. Defendants then filed their motion for summary judgment on January 24, 2014. Docket 58. The court has since granted a motion to extend the discovery deadline until September 2, 2014, and the motions deadline until October 17, 2014.

## FACTUAL BACKGROUND

Atmosphere is a Delaware limited liability company with its principal place of business in Colorado and is in the hotel hospitality business. James Henderson is a managing partner of Atmosphere.

Shiba is a Texas corporation with its principal place of business in South Dakota. Shiba owns the hotel located in Rapid City, South Dakota, that is at issue in this litigation. Karim Merali is a resident of South Dakota and an equity owner of Shiba. Curtullo was a former employee of Atmosphere and allegedly a current employee of Shiba.

In 2011, Merali and Henderson began discussing the possibility of Atmosphere taking over management of Shiba's hotel and re-branding it as an Adoba® hotel.[2] Atmosphere trademarked Adoba® and intended to create a hotel brand using the Adoba® name.

The parties ultimately agreed that the hotel would re-brand as an Adoba® and that Atmosphere would manage the hotel as such. Two agreements—a licensing agreement and a management agreement—were signed on December 31, 2011, by Merali and Henderson.

---

[2] There were no other Adoba® hotels in existence at the time Henderson and Merali entered into discussions, and the hotel was then operating as a Radisson.

4

There are disputes, however, regarding the agreement that the parties actually reached, the negotiations leading up to the execution of these agreements, the circumstances surrounding the execution of the agreements, and the parties' conduct after signing the agreements. Atmosphere claims, among other things, that it was fraudulently induced into signing these agreements and maintains that it has the option to rescind these contracts in the event it is successful on its fraudulent inducement claim. Because discovery has not taken place, the type of "undisputed facts" that the court typically relies on when deciding summary judgment motions are not available.

## DISCUSSION

### I.    Motion for Summary Judgment

Defendants Shiba and Merali ask the court to enter summary judgment in their favor on the issue of whether Atmosphere can pursue the remedy of rescission on its fraudulent inducement claim. Atmosphere asks the court to deny defendants' motion because it cannot present facts essential at this stage of the litigation to justify its opposition.

To establish fraudulent inducement, Atmosphere must prove defendants committed one of the following acts:

(1) The suggestion as a fact of that which is not true by one who does not believe it to be true;

(2) The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

(3) The suppression of that which is true by one having knowledge or belief of the facts;

(4) A promise made without any intention of performing it; or

(5) Any other act fitted to deceive.

SDCL 53-4-5; *see also Poeppel v. Lester*, 827 N.W.2d 580, 587 (S.D. 2013). Atmosphere must also prove defendants' fraudulent behavior induced it to act to its detriment. *Johnson v. Miller*, 818 N.W.2d 804, 808 (S.D. 2012).

Assuming it is able to prove its fraudulent inducement claim, Atmosphere's position is that rescission of the contract should be an available remedy. "Rescission of a contract is available if the consent of the party seeking rescission was obtained by . . . fraud[.]" *Shedd v. Lamb*, 553 N.W.2d 241, 244 (S.D. 1996). But "[f]ailure of a party to disaffirm a contract over a period of time may ripen into ratification, especially if rescission will result in prejudice to the other party." *Id.* at 244-45. A "party rescinding a contract must rescind promptly, upon discovering the facts which entitle him to rescind[.]"[3] SDCL 53-11-4.

---

[3] The question of whether a rescinding party acted promptly is a question of law. *Shedd*, 553 N.W.2d at 245.

6

In seeking summary judgment, defendants argue that the remedy of rescission is not available because Atmosphere failed to read the agreements before signing them or because Atmosphere failed to promptly rescind the contracts. Atmosphere asserts that discovery is necessary to respond to both of these issues and thus asks the court to deny defendants' motion.

"As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery." *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012). Under Federal Rule of Civil Procedure 56(d), a nonmovant may request the court to deny or continue the resolution of a pending summary judgment motion if it cannot present facts essential to justify its opposition to the motion. "This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Hamilton*, 687 F.3d at 1050.

Atmosphere notes several areas where discovery is needed to flesh out the facts relevant to defendants' claims that Atmosphere failed to read the agreements before signing them and that Atmosphere failed to promptly rescind the contracts. Some of these areas include:

- whether and to what extent Atmosphere did in fact read the agreements before signing them;

- whether Atmosphere was generally aware of the contents of the agreements when it signed them;

7

- the circumstances surrounding the signing of the agreements;

- whether there were representations made by defendants regarding the contents of the agreements at the time of signing;

- the negotiation process leading up to the signing of the agreements;

- the relationships between the parties involved;

- the parties' expectations in entering into the agreements;

- the authenticity of certain emails the defendants rely on in support of their position;

- when Atmosphere first noticed the agreements were not what they thought; and

- how the parties operated under the agreements, including the benefits each received under the agreements.

Knowing the facts and circumstances regarding these areas is pertinent to the determinations of whether Atmosphere read the agreements before signing them, whether Atmosphere was fraudulently induced into signing the agreements, and whether Atmosphere effectively ratified the agreements by failing to promptly disaffirm them. Discovery is necessary to flesh out these issues and is therefore necessary for Atmosphere to present facts essential to justify its opposition to defendants' motion for summary judgment.

Because discovery is necessary to allow Atmosphere the opportunity to present facts essential to justify its opposition to defendants' motion, defendants' motion for summary judgment is denied and Atmosphere's motion is granted. Defendants can

8

resubmit a motion once Atmosphere has had an opportunity to uncover the facts pertinent to defendants' arguments.

## II.     Extension of Time to Serve Complaint

Atmosphere moves for an extension of time to serve its amended complaint on defendant Curtullo. Defendants Shiba and Merali have not responded to Atmosphere's motion.

Federal Rule of Civil Procedure 4(m) states that "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause for failing to serve within the standard 120-day time period. Atmosphere attempted to serve Curtullo on October 29, 2013, just 20 days after Atmosphere filed its amended complaint in which it added Curtullo as a defendant, at the location where it was believed that she was working. The process server was informed that Curtullo was out of the country until January 1, 2014.

Atmosphere then acquired information suggesting that Curtullo was working in Chicago and sent a summons and amended complaint to a sheriff in Chicago so that service could be completed. Thereafter, an affidavit of service was received indicating that Curtullo was no longer working at the location given in Chicago.

In May 2014 during a deposition of Dan Schipman, Schipman testified that Curtullo was again working at the Adoba® hotel in Rapid City, South Dakota. Atmosphere's pending motion was then filed.

Atmosphere made reasonable efforts in serving Curtullo and therefore has shown good cause for its failure to serve Curtullo within the 120-day period. Accordingly, it is

ORDERED that defendants Shiba and Merali's motion for summary judgment (Docket 58) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion pursuant to Rule 56(d) (Docket 63) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time to serve defendant Zeljka Curtullo (Docket 79) is granted. Plaintiff has until **September 2, 2014**, to serve Curtullo.

Dated July 8, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE