UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC,<br><br>     Plaintiff,<br><br>  vs.<br><br>ZELJKA CURTULLO,<br><br>     Defendant,<br><br>and<br><br>SHIBA INVESTMENTS, INC., KARIM MERALI, and<br><br>     Defendants and<br>     Third-Party Plaintiffs,<br><br>  vs.<br><br>JAMES HENDERSON,<br><br>     Third-Party Defendant. | CIV. 13-5040-KES<br><br><br><br>ORDER ON MOTION FOR ATTORNEY'S FEES AND MOTION FOR SANCTIONS |

Plaintiff, Atmosphere Hospitality Management, LLC, requests attorney's fees in connection with its first motion to compel discovery. Separately, Atmosphere moves for sanctions against defendants/third-party plaintiffs, Shiba Investments, Inc., and Karim Merali. The court grants in part and denies in part the motion for attorney's fees and orders further briefing on the motion for sanctions.

## BACKGROUND

Atmosphere brought this action against Shiba and Merali to resolve issues related to a licensing contract and management contract between the parties that allowed Shiba to operate a hotel it owned under Atmosphere's brand, "Adoba." Following numerous discovery disputes, Atmosphere moved to compel certain items of discovery. Docket 98. The court held a hearing on that motion, and granted most, but not all, of the relief requested by Atmosphere. Docket 135. Subsequently, Atmosphere filed the pending motion for attorney's fees relating to the first motion to compel discovery. Docket 147. The same day, Atmosphere also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) based on a failure to comply with the court's order on the motion to compel responses to the first set of discovery. Docket 150.

## DISCUSSION

### I. Motion for Attorney's Fees

#### A. Standard

The court may award attorney's fees in connection with a motion to compel. *See* Fed. R. Civ. P. 37. In instances where the motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

#### B. Discussion

At the hearing on September 29, 2014, the court found that Atmosphere was entitled to attorney's fees for the motion to compel and instructed Atmosphere to file a motion outlining the amount requested for that motion.

*See* Docket 169 at 36 (transcript of hearing). Atmosphere requested a total of $22,337 in attorney's fees for attorneys Sara Frankenstein and Jana Smoot White along with an intern and a paralegal. Atmosphere has also requested $5,498.71 in expenses based on services provided by Computer Forensic Resources, Inc. (CFR) to obtain electronic discovery connected to several of the discovery requests subject to the first motion to compel. The court must evaluate those requests to determine whether they are reasonable. To do so, the court multiplies the number of hours reasonably expended by the reasonable hourly rates. *See Finley v. Hartford Life & Accident Ins. Co.*, 249 F.R.D. 329, 332-33 (N.D. Cal. 2008). The burden is on the moving party to prove that the request for attorney's fees is reasonable. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 248 F.R.D. 64, 68 (D.D.C. 2008).

Attorney Frankenstein billed at an hourly rate of $250. Attorney Smoot White billed at $210 per hour. Atmosphere was billed at a rate of $100 per hour for the time of an intern and a paralegal. Recently, Magistrate Judge Duffy found that in the District of South Dakota, "the hourly rates of attorneys' fees have ranged from $145 per hour to $250 per hour." *Anspach v. United of Omaha Life Ins. Co.*, Civ. No. 10-5080-JLV, 2011 WL 4832563, at *1 (D.S.D. Oct. 12, 2011). Defendants do not object to the rates in this instance.[1] Docket 159 at 3. The court finds that the hourly rates charged by plaintiff's counsel are reasonable.

---

[1] Defendants do note that the rate is on the high end of the acceptable range. Docket 159 at 3. A rate at the high end of the range is appropriate for "[e]xperienced, partner-level trial counsel[.]" *See Anspach*, 2011 WL 4832563, at *1.

Next, the court must determine whether the number of hours spent on the motion to compel was reasonable. Rule 37 requires a causal connection between the expenses incurred and the discovery violation. *See Tequila Centinela*, 248 F.R.D. at 69. Expenses that would be incurred as part of the ordinary and necessary course of litigation are not recoverable, even if they bear a relationship to the motion to compel. *Id.*

Atmosphere submitted affidavits detailing the time billed that Atmosphere believes is compensable. Defendants object that the amount of time is excessive for a run-of-the-mill motion to compel, that the billing entries are not specific enough, and that the charges dealing with the inspection of Merali's computer are not related to the motion to compel. Docket 159.[2]

The motion to compel in this instance was not routine or simple. Although the legal issues were not overly complicated, there were numerous discovery issues and those issues were fact intensive. The motion also entailed review of a substantial number of documents and discovery responses. Additionally, resolving the motion to compel required writing an initial brief and a reply brief and attending a hearing. This motion to compel is more complex and time-consuming than an average motion to compel. Atmosphere's request for fees is not unreasonable on that basis.

The billing entries do reflect instances where Atmosphere was billed for activity in the ordinary or necessary course of litigation, such as the exchange

---

[2] Defendants request that the court award an amount between $1,050 and $2,000. This appears to be based on the amounts awarded in other cases. Because defendants' proposed amount bears no relationship to the facts of this case, those figures are arbitrary. *See Anspach,* 2011 WL 4832563, at *3.

and review of discovery. Even though those activities are related to the motion to compel, Atmosphere would have needed to review the discovery in the ordinary course of litigation. *See Tequila Centinela*, 248 F.R.D. at 70 ("Here, time spent discussing ongoing issues such as the status of and adequacy of Bacardi's discovery responses do not necessarily constitute hours reasonably spent on filing the motion to compel nor do they directly arise from it."). Similarly, the fees billed by CFR to obtain the electronic discovery were not a direct result of defendants' conduct that resulted in the motion to compel because Atmosphere would have incurred similar expenses to review the electronic discovery in the ordinary course of litigation. After review of the billing entries submitted,[3] the court finds that Atmosphere is entitled to recover fees for 22.3 hours billed by Attorney Frankenstein, 22.2 hours billed by Attorney Smoot White, 20.5 hours billed by the intern, and 0.8 hours billed by the paralegal on the motion to compel.

Even when work is directly related to a motion to compel, a party is not entitled to be reimbursed for duplicative efforts. *See id.* at 71 (recognizing that parties should generally not be reimbursed for nonproductive or duplicative work). The determination of how much to reduce a claim for fees is committed to the court's discretion and need not be precisely computed. *Id.* at 71-72 (reducing a fee award by 10 percent to compensate for any potential redundant billing).

---

[3] The court disagrees with defendants that the billing entries lack the requisite specificity. The entries are not ambiguous and clearly state which time entries relate to the motion to compel.

Atmosphere requests reimbursement for over 20 hours of time billed by an intern. While the intern's lower billing rate may roughly balance out the larger amount of time spent on each task, it also resulted in time billed by Attorney Frankenstein to review and revise drafts created by the intern. It is unclear exactly how much time would have been required for Attorney Frankenstein to draft those documents herself. Importantly, Atmosphere bears the burden of demonstrating that its fee request is reasonable. Because the court has already reduced the number of hours and because the total number of hours expended on the motion does not appear otherwise unreasonable, the court finds that a further reduction of 10 percent sufficiently accounts for any duplicative billing.

Based upon those determinations and using the rates proposed by Atmosphere, the court finds that the following are reasonable attorney's fees in connection to the motion to compel: $5,575 for Attorney Frankenstein (22.3 hours at $250 per hour); $4,662 for Attorney Smoot White (22.2 hours at $210 per hour); $2,050 for time billed by the intern (20.5 hours at $100 per hour); and $80 for time billed by the paralegal (0.8 hours at $100 per hour). This equates to an award of $12,367. The court will reduce that amount by 10 percent to account for any duplicative billing, resulting in an award of $11,130.30.

In instances where a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses between the parties. Fed. R. Civ. P. 37(a)(5)(C). The court granted the motion to compel with respect to 17 of 24 requests for production. Docket 162 at 4. The court finds it is

appropriate to allocate the expenses in that proportion. This results in an award to Atmosphere of $7,883.96 ($11,130.30 in fees multiplied by $\frac{17}{24}$), plus 6 percent sales tax, for a final award of $8,357.

## II.    Motion for Sanctions

### A.    Standard

Federal Rule of Civil Procedure 37(b)(2) states:

If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)   staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)   rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). To impose sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). Sanctions must be " 'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Products, Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (citation omitted).

**B.  Discussion**

At the hearing on September 29, 2014, the court ordered defendants to produce responses to Requests for Production 2, 5, 7, 8, 9, 10, 13, 15, 16, 18, 20, and 21 and Request for Admission 9.[4] The court asked defense counsel how much time would be required to produce those responses. Defense counsel stated that ten days would be a sufficient amount of time. Therefore, the court ordered that defendants respond to those discovery requests within ten days of the hearing.

On October 13, 2014, Atmosphere filed the instant motion for sanctions based on defendants' failure to provide the responses ordered by the court. Docket 150. On November 3, 2014, defendants responded to the motion for sanctions, claiming that they responded on October 14, 2014, which was within the time frame ordered by the court. Atmosphere then replied, noting an error in defendants' calculation of time and contending that many of the late responses were inadequate. Docket 163.

---

[4] The court also compelled responses to Requests for Production 11, 12, and 14 but gave defendants thirty days to respond to those requests.

As an initial matter, defense counsel stated that he based his time computation on Local Rule 6. *See* Docket 158. Local Rule 6 does not exist. Instead, defense counsel appears to have relied on an outdated version of Federal Rule of Civil Procedure 6, which was amended in 2009. *See* 4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1162 (3d ed.) ("Prior to the 2009 amendments, when the applicable time period for taking some action was less than eleven days, Federal Rule 6(a) excluded 'intermediate' Saturdays, Sundays, and legal holidays from the computation of time."). The current Rule 6 provides a straightforward method of computing time. *See* Fed. R. Civ. P. 6(a). Based on the current method of computing time, defendants' response was due October 9, 2014. Because it was not filed until October 14, 2014, the response was not timely.

Even if defendants' supplemental discovery responses were timely, Atmosphere contends that defendants' responses to the following discovery requests were inadequate. Atmosphere provided copies of defendants' discovery responses as of November 17, 2014. Docket 164-1.

**REQUEST FOR PRODUCTION 2:** In overruling defendants' law of the case objection, the court ordered defendants to respond to this request. Docket 169 at 19. Defendants responded to Request for Production 1,[5] but failed to

---

[5] Atmosphere notes that defendants' response to Request for Production 1 includes 96 pages of material that was not previously provided in response to that request. Docket 163 at 3. Because Request for Production 1 is not before the court at this time, the court makes no ruling on that issue. Additionally, Atmosphere states that Exhibit 9 submitted in response to Request for Production 1 did not include any drafts of the contracts at issue, which opposing counsel agreed to provide at the meet and confer conference. This court previously admonished defense counsel that he was required to follow

- 9 -

respond to Request for Production 2. Additionally, defense counsel did not produce a privilege log as instructed by the court. With respect to the December 31, 2011, email, defendants did not produce the attachment. According to Atmosphere and computer forensic specialist Dan Meinke, defendants have continued to obstruct Atmosphere's efforts to obtain electronic discovery from hotel computers and Merali's cell phone, and the mirror images of those electronic devices had not been made available to Atmosphere. Defendants' failure to respond violates the court's order on the motion to compel.

**REQUEST FOR PRODUCTION 5:** The court granted Atmosphere's motion to compel a response to Request for Production 5. Docket 169 at 26. Atmosphere indicates that defendants are in possession of mirror images of the computers at issue. Docket 163 at 4-5. Defendants did not respond to this discovery request following the court's order compelling defendants to respond. That failure to respond violates the court's order on the motion to compel.

**REQUEST FOR PRODUCTION 8:** The court granted the motion to compel employee records but limited the time frame to 2011-2013. Docket 169 at 26-27. The court included the nondisclosure agreement and list of employees in its order. Atmosphere did not include defendants' Exhibit 2, but contends that while defendants included W-2s for 2011-2013, the response did not include any nondisclosure agreement. No mention is made of the list of employees. To the extent defendants did not provide the nondisclosure agreement and a list of employees, this response is insufficient.

---

through on agreements made at the meet and confer. Docket 169 at 15-16.

**REQUEST FOR PRODUCTION 9:** The court granted the motion to compel from April 2013 to the present. Defendants' response refers to Exhibit 2. According to Atmosphere, Exhibit 2 contains only W-2s from 2011 to 2013. Even if that represented all the required information, it does not respond to the request for production's time frame. This response is insufficient.

**REQUEST FOR PRODUCTION 10:** The court granted the motion to compel with respect to payments from Shiba to Kabamesa for 2011 and 2012. In response, defendants provided four pages of the hotel's general ledger from January 1, 2011, to December 31, 2012. The four pages make no mention of Kabamesa, nor does the response contain any of Kabamesa's records. This response is insufficient.

**REQUEST FOR PRODUCTION 12:** The court granted this motion to compel a response in full because it was limited to the period of 2012 and 2013. Defendants provided utility bills from 2012 through October 2014 and stated that additional records had been requested and would be provided upon receipt. Docket 164-1 at 2, 11-16. It is unclear what additional records Atmosphere thinks should be disclosed. If defendants acquire responsive documents in the future, they should supplement this response, but at this time the response appears sufficient.

**REQUEST FOR PRODUCTION 13:** This motion to compel production was granted. Defendants' response refers to Exhibit 5, which contains no information on the account from which payments were made. This response is insufficient.

**REQUEST FOR PRODUCTION 14:** This motion to compel production was granted. Defendants' response refers to Exhibit 6, which contains a general ledger detailing utility and other payments for the hotel. This document is not responsive to the request for production of records for the warehouse and rental homes. This response is insufficient.

**REQUEST FOR PRODUCTION 15:** This motion to compel production was granted. Defendants' response refers to the hotel's ledger but does not show from which account or accounts any payments were drawn. This response is insufficient.

**REQUEST FOR PRODUCTION 16:** The court granted the motion to compel but limited the scope to the time period of 2010 to February 1, 2012. Defendants produced one-page summaries for each month. The request for production requested "a copy of *all* Opera system posting[s.]" Docket 163 at 8 (emphasis added). The documents provided do not show all postings. This response is insufficient.

**REQUEST FOR PRODUCTION 18:** The court granted the motion to compel but limited the time period to 2010 through 2012. In doing so, the court found that "[t]his may lead to admissible relevant evidence[.]" Docket 169 at 29. Defendants did not produce any evidence. Instead, defendants responded: "Objection – irrelevant; not reasonable [sic] calculated to lead to admissible/relevant evidence. Atmosphere should have all relevant records in their [sic] possession or have access thereto." Docket 164-1 at 3. Defendants' response directly contradicts the court's order and is insufficient.

**REQUEST FOR PRODUCTION 20:** The court stated that defendants needed to either sign a document indicating that everything had been produced with respect to this request for production, or produce the responsive documents. Docket 169 at 30. Defendants did not respond to this part of the court's order.

**REQUEST FOR PRODUCTION 21:** The court granted the motion to compel production of Merali's calendar from October 2011 to December 2011. Atmosphere indicates that the documents produced show only birthdays and do not contain other information. Docket 163 at 9. Furthermore, Atmosphere alleges that Merali has continued in his refusal to allow Atmosphere access to the calendar on his cell phone. The calendar produced is insufficient, and Merali's refusal violates the court's order on the motion to compel.

Turning to the elements laid out in *Chrysler Corp.*, 186 F.3d at 1019, here there was a court order on the motion to compel. Defense counsel was present at the hearing and was aware of the court order. Based on defendants' failure to file a timely response, and the fact that the responses eventually provided were deficient as described above, the court finds there was a willful failure to comply with the court's order.[6]

Atmosphere argues that it has been prejudiced by the significant delay in this case, by having to produce its experts' supplemental reports without the

---

[6] To the extent defense counsel's response brief could be read as suggesting that the failure to comply with the court's deadline was the product of oversight or clerical error, or was otherwise excusable, the court expects attorneys practicing in the District of South Dakota to be aware of and follow the Local Rules and the Federal Rules of Civil Procedure. Application of a rule amended over five years ago, coupled with citation to a nonexistent local rule, falls short of this standard of professional conduct.

benefit of the discovery to which it was entitled, and by having to conduct four depositions without the benefit of complete discovery. Docket 163 at 10-11. This amounts to prejudice sufficient to support sanctions. *Baker v. General Motors Corp.*, 86 F.3d 811, 816-17 (8th Cir. 1996) (finding that the failure to produce documents within the ten-day period ordered by the district court was prejudicial because plaintiffs were prevented from researching issues completely and were deprived of information which they were due) *vacated in part on other grounds by Baker v. General Motors Corp.*, 138 F.3d 1225 (8th Cir. 1998). In addition, the court notes that Atmosphere has filed two additional motions to compel discovery and has incurred substantial expenses litigating discovery issues.

At this time, the court is without the benefit of any briefing by defendants concerning the imposition of sanctions. Defendants' response to the motion consisted entirely of the erroneous time computation. The court is reluctant to impose sanctions without giving defendants an opportunity to be heard on that issue. Counsel for plaintiff should describe the sanctions it is requesting and submit an affidavit for a fee request by **January 23, 2015**. Defendants will have until **January 30, 2015**, to respond to plaintiff's request for sanctions and to plaintiff's fee request. Defendants should also explain what steps they have taken to correct the insufficient discovery responses. In determining sanctions, the court will consider, among other factors, whether defendants have remedied their failure to comply with the court's order on the motion to compel. If defendants have not complied in full with the court's order at that time, the court will consider imposing any and all sanctions authorized

under Rule 37, up to and including dismissal of the third-party complaint or entry of a default judgment.

## CONCLUSION

Atmosphere is entitled to recover a portion of its reasonable attorney's fees in connection with the motion to compel. Defendants have failed to comply with the court's order on the motion to compel. Accordingly, it is

ORDERED that the motion for attorney's fees (Docket 147) is granted in part, and defendants Shiba and Merali will pay Atmosphere a total of $8,357 in attorney's fees and sales tax.

IT IS FURTHER ORDERED that the parties will submit further briefing on the motion for sanctions (Docket 150) as outlined in this order.

Dated January 9, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE