UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC, <br><br>        Plaintiff, <br><br>  vs. <br><br>ZELJKA CURTULLO, <br><br>        Defendant, <br><br>and <br><br>SHIBA INVESTMENTS, INC. and KARIM MERALI, <br><br>        Defendants and Third-Party Plaintiffs, <br><br>  vs. <br><br>JAMES HENDERSON, <br><br>        Third-Party Defendant. | 5:13-CV-05040-KES <br><br><br>**ORDER GRANTING SANCTIONS ON PLAINTIFF'S DOCKET NO. 127 MOTION TO COMPEL** <br>[DOCKET NO. 175] |

**INTRODUCTION**

This matter is before the court on plaintiff Atmosphere Hospitality Management, LLC's complaint, filed pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332.  Now pending is a motion for sanctions [Docket No. 175] on plaintiff's previously-filed motion to compel, Docket No. 127.  The district court, the Honorable Karen E. Schreier, referred this motion to this magistrate judge for decision.  See Docket No. 165.

**FACTS**

Plaintiff filed a motion to compel discovery on numerous written discovery requests consisting of interrogatories, requests for the production of documents, and requests for admissions. See Docket No. 127. In ruling on the motion, the court grouped the discovery requests into 13 groups. See Docket No. 168. Of those 13 groups, the court granted plaintiff's motion fully as to 10 of the groups. Two other groups of discovery requests were partially granted. Id. The court denied in its entirety only one group of discovery requests. Id. The court indicated that sanctions would be granted and directed plaintiff to file a motion for attorney's fees and costs associated with the motion. Id.

Plaintiff has now filed that motion and seeks an award of $12,665 in attorney's fees and $2,381.77 in costs. See Docket No. 175 & 176. Defendants resist the motion and assert that the court should award no more than $1,500 in sanctions. See Docket No. 192.

**DISCUSSION**

**A.   Lodestar Method of Determining Reasonable Award of Attorney's Fees**

Plaintiff must carry the burden to establish a factual basis for the award of fees it requests and the court must evaluate plaintiff's request for attorney's fees to determine whether it is reasonable. See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996). "Because any award [of attorney's fees] has the potential for 'precedential value' in future cases, the Court owes a duty to the principled development of the law to exercise careful judgment in

2

reviewing agreed-upon [or undisputed] fees." Duhaime v. John Hancock Mut. Life Ins. Co., 989 F. Supp. 375, 379 (D. Mass. 1997) (citing Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991)).

The appropriate amount of attorney's fees is highly fact-specific to the case. There are two methods of determining attorney's fees: the lodestar method and the "percentage of the benefit" method. See H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991); Comerica Mortg. Corp., 83 F.3d at 246; Walitalo v. Iacocca, 968 F.2d 741, 747-48 (8th Cir. 1992). The court has discretion to decide which method of determining fees is appropriate. Comerica Mortg. Corp., 83 F.3d at 246. Here, the parties address only the lodestar method, so the court chooses to employ that method.

The lodestar is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorney's fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

3

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983) (citing the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106). "[T]he most critical factor is the degree of success obtained." Id. at 436.

### B. Reasonable Hourly Rate is the Prevailing Rate in the District of South Dakota

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.) Here, defendants do not take issue with plaintiff's counsel's hourly rates, but that does not relieve the court from its obligation to make that determination.

4

Neither party informs the court what prevailing attorneys fee rates are for commercial litigation in South Dakota.  However, the court may determine those rates based on its own knowledge of prevailing rates here.  See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").  Plaintiff has requested an hourly rate of $250 per hour for its lead counsel, Ms. Sara Frankenstein; $210 per hour for Jana Smoot White and Nathan Chicoine, co-counsel; and $100 per hour for paralegal Audrey Belitz.  See Docket Nos. 178, 179 & 180.

The hourly rate of $75.00 per hour for paralegal time has been approved in attorneys fee awards.  See Page v. Hertz Corp., Civ. No. 09-5098, Docket No. 67 (D.S.D. 01/20/12); Kale, 2008 WL 2776494 *4 (D.S.D.); Cottier v. Martin, 2008 WL 2696917 * 5 (D.S.D.).  Experienced, partner-level trial counsel in this community have received awards of attorney's fees ranging from $200.00 per hour to $225.00 per hour in lawsuits requiring highly specialized knowledge such as the Voting Rights Act.  See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469, page 6 (March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (June 22, 2006).

In other cases where the hourly rate is limited by statute, courts have awarded fees based on an hourly rate of $150 per hour.  See Kahle v. Leonard, Civ. No. 04-5024, Docket No. 259 (D.S.D. July 14, 2008).  In awards of attorney's fees as sanctions for motions to compel, the hourly rates of attorney's fees have ranged from $145 per hour to $250 per hour.  See Heil v. Belle Starr Saloon & Casino, Inc., Civ. No. 09-5074, Docket No. 68 (D.S.D.); Beyer v. Medco Ins. Group, Civ. No. 08-5058, Docket No. 65 (D.S.D.); Howard Johnson Internat'l, Inc. v. Inn Development, Inc., Civ. No. 07-1024, Docket No. 73 (D.S.D.); Oyen v. Land O'Lakes Inc., Civ. 07-4112, Docket Nos. 56, 62 (D.S.D.).

In a case involving a franchisor which sued to enforce a franchise agreement where the defendants put up little or no resistance to the lawsuit, the franchisor's out-of-state lawyers were awarded attorney's fees based on the prevailing rates for South Dakota counsel because the franchisor had not shown that local counsel were not available or knowledgeable.  See Howard Johnson Internat'l, Inc. v. Inn Development, Inc., Civ. No. 07-1024, Docket No. 73, (D.S.D. 6-23-08).  In that case, the franchisor's senior partner-level lawyer was awarded fees at a rate of $225 per hour.  Id.  A senior associate was awarded fees at a rate of $180 per hour.  Id.  And a junior associate was awarded fees at a rate of $140 per hour.  Id.

Ms. Frankenstein is a partner at her firm, Gunderson Palmer Nelson & Ashmore, LLP.  She has been a member of the bar since 2002.  She has handled a number of lengthy, complex trials and is highly experienced,

especially for the number of years she has been in practice. The court finds that a rate of $250 per hour for her services is reasonable.

Nathan Chicoine was just admitted to the bar in 2014, making him a brand new associate lawyer at Gunderson, Palmer. The court finds that an hourly rate for Mr. Chicoine of $210 is not reasonable. His hours will be considered at a rate of $140 per hour.

Jana Smoot White graduated from law school in 2006 and practiced law in Kentucky before coming to South Dakota in 2013. She is currently an associate with the Gunderson, Palmer law firm. The court also finds that $210 per hour for Ms. White is not reasonable and will consider her hours at the rate of $180 per hour as a relatively new associate, but one with more than five years' experience outside South Dakota.[1]

Plaintiff does not assert any facts in support of the $100 per hour it requests for paralegal time other than to say that Ms. Belitz is a paralegal at

---

[1] An hourly rate of $365 per hour was approved for out-of-state counsel in Nienaber v. Citibank (South Dakota) N.A., Civ. No. 04-4054, Docket No. 101 (D.S.D. July 5, 2007). However, the decision in Nienaber is distinguishable. That was a case involving a high degree of risk for the plaintiff's attorney and a high degree of specialized knowledge as it was a class action representing at least 1,000,000 class members under the Fair Debt Reporting Act against a very large South Dakota employer. Id. at 1-2, 6. Few lawyers in the district could be expected to have the funds to finance such a class action, and fewer still would be expected to risk their funds against a defendant who might be sympathetic to a large number of prospective jurors. Thus, it was understandable that out-of-state counsel were retained. Furthermore, the Nienaber case is distinguished by virtue of the fact that the parties had a "clear sailing" provision in their settlement agreement whereby the defendant agreed not to oppose the application for attorney's fees in return for the plaintiffs' promise to cap their request for attorney's fees at an agreed-upon figure. Id. at 1-2.

the Gunderson, Palmer law firm. Since no supporting documentation has been submitted in support of the requested hourly rate for Ms. Belitz, the court finds that $75 per hour is a reasonable rate for her.

### C.     Reasonable Hours

The "most critical factor" in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success. El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010) (quoting Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005)). In civil rights litigation, the damage award is not the sole factor to be considered in determining the plaintiff's degree of success because "damages awards do not reflect fully the public benefit advanced by civil rights litigation." Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000) (quoting City of Riverside v. Rivera, 477 U.S. 561, 575 (1986)).

Courts are charged with excluding from awards of attorney's fees hours that were not "reasonably expended." Hensley, 461 U.S. at 434. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." Id. Where more than one attorney is employed, courts may reduce the total attorney hours and fees if there is duplication or inefficiency. A.J. by L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995). "Time spent by two attorneys on the same general task is not, however, *per se* duplicative" and "[c]areful preparation often requires collaboration and rehearsal." Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998). In determining the reasonable hours expended by plaintiff's lawyers and paralegal in this matter, the court turns to

8

the itemizations provided by plaintiff in support of its motion for attorney's fees. See Docket No. 178-1, 179-1, & 180-1.

In comparing the lawyers' time submitted, there is very little duplication of effort. Sara Frankenstein and Jana Smoot White both worked on the letter of August 15, 2014 to defendants' counsel explaining why defendants' responses to plaintiff's second set of discovery requests were insufficient. They spent (respectively), 1.9 hours and 1.3 hours on that task for a combined total of 3.2 hours. Compare Docket No. 180-1 with Docket No. 178-1. The court will eliminate one hour of this time from Sara Frankenstein's time.

In addition, Nathan Chicoine worked on the reply brief on plaintiff's motion to compel for 6 hours and Sara Frankenstein worked on the reply brief for 6.9 hours for a combined total of 12.9 hours. Compare Docket No. 179-1 with Docket No. 180-1. The court will eliminate five hours of Mr. Chicoine's time in view of the fact that he was a very new attorney at the time of his work on this file and did not have the benefit of past experience which likely would have rendered his work more efficient.

Paralegal Audrey Belitz spent 2.5 hours drafting the initial brief in support of the motion to compel while Sara Frankenstein spent 21 hours on the initial brief. The court will reduce Ms. Frankenstein's time by 2 hours.

The total hours the court finds to be non-duplicative, then, is as follows: Audrey Belitz: 3.5; Sara Frankenstein: 35.7 hours; Jana Smoot White: 1.9 hours; and Nathan Chicoine: 1.7 hours. The total hours spent by attorneys and the paralegal in this matter total 42.8.

Contrary to defendants' assertion, the court finds this number of hours to be reasonable given the many discovery issues at stake in the motion to compel, and defendants' pattern of delay, nonresponsiveness, and obfuscation in responding to plaintiff's discovery requests.  In this district, this court has approved requests for attorney's fees ranging from $1,041.45 to $1,509.97 for run-of-the-mill motions to compel.  See Heil, Civ. No. 09-5074, Docket No. 68 ($1,041.45 awarded); Howard Johnson Internat'l. Inc., Civ. No. 07-1024, Docket No. 73 ($1,453.50 awarded); Oyen, Civ. No. 07-4112, Docket Nos. 56 and 62 ($1,509.97 awarded to defendant on defendant's motion to compel; $1,140.75 awarded to plaintiff on plaintiff's motion to compel).

In one extraordinary case in which the plaintiff made a detailed motion to compel involving numerous issues, the court granted that motion, and then plaintiff had to make a second motion to compel when the defendant refused to comply with the court' previous order, the court awarded $13,480 in attorney's fees.  See Beyer, Civ. No. 08-5058, Docket No. 65 (D.S.D.).  This case resembles the facts in Beyer more than it does the other cases deemed to be "run-of-the-mill."  In this case, like Beyer, defendants continued to deny plaintiff relevant discovery even after the district court orally ordered it at the September hearing.  Also, defendants repeatedly found different excuses for not producing the same discovery requested multiple times by plaintiff.

Finally, the court notes that it only partially granted plaintiff's motion to compel.  Of the 13 groups of discovery requests, 10 were granted wholly, 2 were partially granted and partially denied, and one was denied wholly.  Thus,

the court will reduce the total amount requested by plaintiff in attorney's fees by 11/13.  The court's calculation of fees is as follows:

| | |
|---|---:|
| Sara Frankenstein:  35.7 hours x $250/hr = | $8,925 |
| Audrey Belitz:  3.5 hours x $75/hr = | $   263 |
| Jana Smoot White:  1.9 hours x $180 = | $   342 |
| Nathan Chicoine:  1.7 hours x $140 = | $   238 |
| Subtotal of Reasonable Hours x Reasonable Rates | $9,768 |
| Reduced Hours Based on Benefit Gained | x 11/13 |
| Total Award of Attorney's Fees | $ 8,265 |

**E.     Costs**

Plaintiff also requests out-of-pocket costs in the amount of $2,381.77 for a computer expert who created mirror images of three of defendants' computers and defendant Karim Merali's cell phone as well as the cost of serving a subpoena *duces tecum* on defendants' expert.  Those costs are itemized by plaintiff in its brief in support of its motion for sanctions.  See Docket No. 176 at pp. 4-5.

Defendants object to this request on a number of bases.  They argue that plaintiff has not provided its computer expert's actual billing statement so that defendants can ascertain what actions were taken at various times. Defendants also assert that the costs of plaintiff's expert were necessary discovery costs that plaintiff would have incurred in the ordinary course of pursuing this litigation and not occasioned by defendants' actions.

In response to defendants' objections, plaintiff filed the numerous billing statements received from its computer expert.  See Docket No. 184-5.  Plaintiff argues these expenses were directly caused by defendants' discovery abuses in that defendants kept making excuses for not producing emails, stating at various times that the computer on which the emails resided had crashed, that defendants could not find any emails, and also the simple tactic of not responding at all.  These actions are what finally prompted the district court to order that defendants allow plaintiff's expert to inspect defendants' computers.  See Docket No. 169 at pp. 23-26.  However, the court did not specifically order that a mirror image of defendants' computers be made.  Accordingly, the court will disallow the $300 cost of hard drives included in plaintiff's request for out-of-pocket costs.  The remainder of the plaintiff's computer expert's expenses were directly occasioned by defendants' discovery misconduct.

## CONCLUSION

Plaintiff's motion for sanctions [Docket No. 175] is granted in part and denied in part.  Defendants shall pay to plaintiff the sum of $8,265 in attorney's and paralegal's fees and the sum of $2,081.77 in out-of-pocket costs.  This payment shall be remitted by defendants to plaintiff within 14 days of the date of this order.

DATED this 3rd day of March, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge