UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>ZELJKA CURTULLO,<br><br>   Defendant,<br><br>and<br><br>SHIBA INVESTMENTS, INC. and KARIM MERALI,<br><br>   Defendants and<br>   Third-Party<br>   Plaintiffs,<br><br> vs.<br><br>JAMES HENDERSON,<br><br>   Third-Party<br>   Defendant. | 5:13-CV-05040-KES<br><br><br>**ORDER GRANTING SANCTIONS ON PLAINTIFF'S DOCKET NO. 131 MOTION TO COMPEL**<br>[DOCKET NO. 187] |

**INTRODUCTION**

This matter is before the court on plaintiff Atmosphere Hospitality Management, LLC's complaint, filed pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332. Now pending is a motion for sanctions [Docket No. 187] on plaintiff's previously-filed motion to compel, Docket No. 131. The district court, the Honorable Karen E. Schreier, referred this motion to this magistrate judge for decision. See Docket No. 165.

## FACTS

Plaintiff filed a motion to compel the attendance of Sacha Merali, Batool Merali, and Zeljka Curtullo at depositions and for costs, attorney's fees and sanctions in connection with those depositions. See Docket No. 131. In ruling on the motion, the court granted plaintiff's motion fully as to Sacha Merali, granted plaintiff's motion partially as to Zeljka Curtullo, and denied plaintiff's motion as to Batool Merali. See Docket No. 172. The court found that Sacha Merali was a managing agent which the corporate defendant had a duty to produce for a deposition. Id. The court held that defendants and their attorney should pay sanctions for the three depositions plaintiff noticed for Sacha at which Sacha did not appear. Id. Defendants alone were ordered to pay for the attorney's fees associated with making the motion to compel. Id.

As to Zeljka Curtullo, the court found no sanctions were applicable for plaintiff's attempts to serve Curtullo with the amended complaint and summons, but sanctions were awardable for Curtullo's failure to attend her duly noticed deposition after service of process. Id. The court held that defendants and their attorney should pay sanctions for this failed deposition attempt. Id. Defendants alone were ordered to pay for the attorney's fees associated with making the motion to compel. Id.

The court found no sanctions were proper in connection with plaintiff's attempts to depose Batool Merali. Id. Batool was neither an officer nor a managing agent of the corporate defendant nor was she a named party to this litigation. Id.

Plaintiff has now filed its motion for attorney's fees and costs. See Docket No. 187. Defendants resist that motion. See Docket No. 201.

## DISCUSSION

**A.   Lodestar Method of Determining Reasonable Award of Attorney's Fees**

Plaintiff must carry the burden to establish a factual basis for the award of fees and costs it requests and the court must evaluate plaintiff's request for attorney's fees to determine whether it is reasonable. See Johnston v. Comerica Mortg. Corp., 83 F.3d 241, 246 (8th Cir. 1996). "Because any award [of attorney's fees] has the potential for 'precedential value' in future cases, the Court owes a duty to the principled development of the law to exercise careful judgment in reviewing agreed-upon [or undisputed] fees." Duhaime v. John Hancock Mut. Life Ins. Co., 989 F. Supp. 375, 379 (D. Mass. 1997) (citing Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991)).

The appropriate amount of attorney's fees is highly fact-specific to the case. There are two methods of determining attorney's fees: the lodestar method and the "percentage of the benefit" method. See H.J. Inc. v. Flygt Corp., 925 F.2d 257, 259-60 (8th Cir. 1991); Comerica Mortg. Corp., 83 F.3d at 246; Walitalo v. Iacocca, 968 F.2d 741, 747-48 (8th Cir. 1992). The court has discretion to decide which method of determining fees is appropriate. Comerica Mortg. Corp., 83 F.3d at 246. Here, the parties address only the lodestar method, so the court chooses to employ that method.

The lodestar is figured by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident

3

Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for attorney's fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

Once the lodestar is calculated, there are twelve factors that are relevant in considering whether that figure should be adjusted up or down:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 434 (1983) (citing the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2-106). "[T]he most critical factor is the degree of success obtained." Id. at 436.

**B.     Reasonable Hourly Rate is the Prevailing Rate in the District of South Dakota**

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. <u>Tequila Centinela, S.A. de C.V.</u>, 248 F.R.D. at 68 (citing <u>Laffy v. Northwest Airlines, Inc.</u>, 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.)  Here, defendants do not take issue with plaintiff's counsel's hourly rates, but that does not relieve the court from its obligation to make that determination.

In a similar companion motion decided by this court on March 3, 2015, the court determined that a reasonable hourly rate for plaintiff's lead counsel, Sara Frankenstein, was $250; that a reasonable hourly rate for associate co-counsel Jana Smoot White was $180; and that a reasonable hourly rate for paralegal Audrey Belitz was $75.00. <u>See</u> Docket No. 202, pp. 4-8.  That decision and its rationale are incorporated herein by reference.

In addition to the above three professionals who have billed time on the requested attorney's fees in this matter, there also appears billing from Matthew Laidlaw, identified as an intern. <u>See</u> Docket No. 188-1.  It is unclear to the court whether Mr. Laidlaw is a paralegal intern, or a lawyer intern. Because Mr. Laidlaw's time is billed at the same rate as Audrey Belitz's--$100 per hour—the court assumes that Mr. Laidlaw is a paralegal intern.  Because no supporting information has been offered by plaintiff as to the reasonable

5

hourly rate for a paralegal intern, and the court is not aware of any of its own independent knowledge, the court will disallow all of Mr. Laidlaw's time. It is plaintiff's burden to show that it is reasonable to bill for a paralegal intern's time in the first instance, and then to show what a reasonable hourly rate for that intern's time would be. Plaintiff has not carried this burden as to Mr. Laidlaw.[1]

### C. Reasonable Hours

The "most critical factor" in determining what constitutes a reasonable award of attorney's fees is the degree of plaintiff's success. El-Tabech v. Clarke, 616 F.3d 834, 843 (8th Cir. 2010) (quoting Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005)). In civil rights litigation, the damage award is not the sole factor to be considered in determining the plaintiff's degree of success because "damages awards do not reflect fully the public benefit advanced by civil rights litigation." Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000) (quoting City of Riverside v. Rivera, 477 U.S. 561, 575 (1986)).

Courts are charged with excluding from awards of attorney's fees hours that were not "reasonably expended." Hensley, 461 U.S. at 434. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." Id. Where more than one attorney is employed, courts may reduce the total attorney hours and fees if there is duplication or inefficiency. A.J. by L.B. v. Kierst, 56

---

[1] Nathan Chicoine, a brand new associate lawyer at Ms. Frankenstein's firm, had billed time on the companion motion. See Docket No. 202 at pp. 5-7. However, Mr. Chicoine does not appear to have time included in the request for attorney's fees in this motion. See Docket No. 188-1.

F.3d 849, 864 (8th Cir. 1995). "Time spent by two attorneys on the same general task is not, however, *per se* duplicative" and "[c]areful preparation often requires collaboration and rehearsal." Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 860 (1st Cir. 1998). In determining the reasonable hours expended by plaintiff's lawyers and paralegal in this matter, the court turns to the itemizations provided by plaintiff in support of its motion for attorney's fees. See Docket No. 178-1, 179-1, & 180-1.

Defendants assert there is much duplication in plaintiff's attorney's time. Defendants argue that time by lawyers and/or paralegals was duplicated on September 16, 17, 19, and 22 as well as October 20, 2014. See Docket No. 201 at p. 3. In addition, defendants argue the total amount of time spent briefing the motion to compel—36.5 hours total--was unreasonable and should be limited to 5-10 hours total. Id.

Plaintiff has explained the entries noted by defendants were not duplicative time, but rather that plaintiff took the total amount of time spent on certain tasks (e.g. looking through discovery and correspondence to find supporting documents) and split that time evenly between Sacha and Zeljka. See Docket No. 208.

First, the court finds the total time—30.8 hours[2]—was a reasonable amount of time to spend on research, drafting the initial and reply briefs,

---

[2] Plaintiff requested a total of 36.5 hours for attorney and paralegal work done on the motion to compel. See Docket No. 188-1. However, as stated above, the court has excised from that total all hours for the paralegal intern, which came to 5.7 hours. Therefore, the total the court considers in determining whether the time spent is reasonable is 30.8 hours.

drafting the affidavits, and locating and attaching supporting documents. Plaintiff's brief raised issues of substantive law that required analysis and citation to legal precedent, most particularly in establishing that Sacha was a "managing agent" of defendant Shiba Investments, Inc. as that term is used in FED. R. CIV. P. 30. Furthermore, plaintiff's efforts to secure the attendance of Sacha and Batool at their respective depositions was exhaustive. Locating the paperwork to document those efforts in the motion was, necessarily, exhaustive as well.

The court notes, however, that plaintiff appears to have asked to be awarded attorney's fees for 100% of the work done on the motion to compel. In its reply brief, plaintiff explains the apparently duplicative attorney time entries by stating that plaintiff took the total time spent on certain tasks and then split it between Sacha and Zeljka. As already discussed above, the court did not award 100% of the relief plaintiff requested in its motion to compel. In particular, the court granted 100% of the relief requested as to Sacha, 50% of the relief requested as to Zeljka, and 0% of the relief requested as to Batool.

The majority of the brief and exhibits, as well as the most substantial legal issue, were involved with Sacha. The court accords half of the total work on the motion to compel to issues associated with Sacha, on which issues plaintiff was wholly successful.

Zeljka occupied approximately one-fourth of the total briefing and exhibits and Batool the other one-fourth. The court ruled against plaintiff on all issues relative to Batool and partially granted, partially denied plaintiff's

8

requests as to Zeljka. Therefore, overall, the court concludes that plaintiff was successful on five-eighths of the total relief requested. Therefore, although the total time of 30.8 hours was a reasonable amount of time to spend on the entirety of the motion to compel, the court reduces the attorney's fee award for work on the motion to compel to five-eighths (5/8) of the total to reflect the total benefit gained.

The court's calculation of fees for work on the motion to compel is as follows:

**On The Motion:**

| | |
|---|---|
| Sara Frankenstein: 29.7 hours x $250/hr = | $7,425 |
| Audrey Belitz: 1.1 hours x $75/hr = | $    82.5 |
| Jana Smoot White: 1.9 hours x $180 = | $   342 |
| Subtotal of Reasonable Hours x Reasonable Rates | $7,849.50 |
| Reduced Hours Based on Benefit Gained | x   5/8 |
| Total Award of Attorney's Fees on Motion Preparation | $ 4,905.94 |

Defendants do not contest the total amount of attorney's fees requested in association with plaintiff's attempts to secure Sacha's and Zeljka's attendance at depositions. The court's calculation of fees for work in attempting to secure these two individuals' appearance at their depositions is as follows:

**Secure Attendance:**

| | |
|---|---|
| Sara Frankenstein: 9.1 hours x $250/hr = | $2,275 |
| Audrey Belitz: 0.4 hours x $75/hr = | $    30 |

9

      Total Award of Attorney's Fees on Securing Attend.      <u>$2,305</u>

**E.   Costs**

      Plaintiff also requests out-of-pocket costs in the amount of $4,797.34 for a private investigator ($2,384.87); court reporter fees for two depositions of Sacha Merali that were duly noticed and at which Sacha failed to appear; and travel, lodging and food expenses for plaintiff, the principals of which flew to Rapid City to attend the depositions of Sacha which never occurred. <u>See</u> Docket No. 188 at pp. 2-3.  Defendants take issue only with the request for the private investigator's bill.  Defendants note the investigator appears to have spent a great deal of time in Rapid City when "everyone knew" Sacha was living in Chicago.  Furthermore, defendants argue the initial documentation submitted by plaintiff in support of this expense was a summary bill rather than an itemized bill.

      Plaintiff responded by submitting an itemized bill for the investigator expense.  <u>See</u> Docket No. 209-1.  Plaintiff further responds that its investigator was looking for Sacha in Rapid City because (1) defendants indicated in their initial disclosures that Rapid City was Sacha's residence, (2) defendants never updated this residency information for Sacha despite plaintiff's repeated requests to do so, and (3) the investigator spotted Sacha's personal vehicle on numerous occasions parked in the garage of defendant Karim Merali's Rapid City home.  For all these reasons, the court grants plaintiff the entirety of the private investigator costs requested.  In reviewing the itemized statement, it

appears that request was reasonable and the actions taken were necessitated by defendants' actions in avoiding discovery.

## CONCLUSION

Plaintiff's motion for sanctions [Docket No. 187] is granted in part and denied in part.  The court hereby

ORDERS that the following amounts shall be paid as directed:

1.    the named party defendants in this matter shall pay the sum of **$8,457.11** (the total of attorney's fees awarded on the motion to compel, plus one-half of the attorney's fees and costs awarded on the attempts to secure Sacha and Zeljka's attendance at depositions).  This payment shall be remitted by defendants to plaintiff within 14 days of the date of this order.

2.    attorney Courtney Clayborne personally shall pay the sum of **$3,551.17** (the total of one-half of the attorney's fees and costs awarded on the attempts to secure Sacha and Zeljka's attendance at depositions).  This payment shall be remitted by Mr. Clayborne to plaintiff within 14 days of the date of this order.

DATED this 11th day of March, 2015.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge