UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ATMOSPHERE HOSPITALITY MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SHIBA INVESTMENTS, INC., KARIM MERALI, and ZELJKA CURTULLO,<br><br>Defendants. | 5:13-CV-05040-KES<br><br>ORDER GRANTING SECOND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DENYING MOTION TO AMEND COMPLAINT |

Defendants Shiba Investments, Inc. and Karim Merali move to enforce the settlement agreement for the second time. Docket 385. Plaintiff, Atmosphere Hospitality Management, LLC, opposes defendants' motion. Docket 389. Atmosphere also moves to amend/supplement the amended complaint to add a claim for breach of the settlement agreement. Docket 387. Defendants oppose Atmosphere's motion to amend. Docket 390. For the reasons that follow, the court grants defendants' motion to enforce the settlement agreement and denies Atmosphere's motion to amend or supplement the complaint.

## BACKGROUND

The court will briefly summarize the facts relevant to the pending motions, but a more thorough factual background can be found in previous orders. *See* Docket 367 (denying defendants' first motion to enforce the settlement agreement and denying defendants' motion to dismiss with prejudice); Docket 384 (granting Atmosphere's motion for attorney fees in part and denying in part).

After the parties entered into a settlement agreement in this matter, the court entered an order and judgment of dismissal without prejudice on September 27, 2016. Docket 329. The court retained jurisdiction until the settlement is completed and the parties file a joint motion for dismissal with prejudice. *Id.* On August 30, 2017, defendants filed a motion to reopen the case and enforce the settlement agreement (Docket 333) and a motion to dismiss with prejudice (Docket 334). Atmosphere did not oppose reopening the case and enforcing the agreement but did oppose dismissal with prejudice. Docket 344. Following an evidentiary hearing, the court denied defendants' motion to enforce the settlement agreement and motion to dismiss, finding that defendants had not fully complied with the settlement agreement. Docket 367.

Atmosphere then moved for an award of attorney fees and costs for compelling enforcement of the terms of the settlement agreement. Docket 368. Based on the settlement agreement language, the court concluded that Atmosphere was entitled to $19,792 in attorney fees but no costs. Docket 384.

## DISCUSSION

### I. Second Motion to Enforce the Settlement Agreement

Defendants move to enforce the settlement agreement for a second time, arguing that the court should dismiss the case with prejudice because the terms of the settlement agreement have been fulfilled. Docket 385. Specifically, defendants state that following the evidentiary hearing on February 8, 2018, and March 8, 2018, defendants retained Blue Ocean Global Technology to remove all references and links to Adoba hotels from defendants' website and

social media. *Id.* at 2. Blue Ocean is an Online Reputation Management company with expertise in "build[ing] a positive reputation for [its] clients around select key words and mitigat[ing] a negative online reputation." Docket 371-1 at 11. Defendants attached the Blue Ocean reports to their memorandum in opposition to Atmosphere's motion for attorney fees. Dockets 379-1, 379-2, 379-3.

In its memorandum in opposition to defendants' second motion to enforce the settlement agreement, Atmosphere argues that dismissing this action is premature because defendants have not yet paid the attorney fees awarded by this court on July 30, 2018. Docket 389 at 2-3. Atmosphere also argues that the court should retain jurisdiction over this matter because it has filed a motion to amend the amended complaint to add two new causes of action for defendants' breach of the settlement agreement. *Id.* at 3-4.

"District courts do not have inherent power, that is, automatic ancillary jurisdiction," to enforce settlement agreements. *Miener v. Mo. Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Ancillary jurisdiction to enforce a settlement agreement exists when "the parties' obligation to comply with the terms of the settlement agreement [is] made part of the order of dismissal . . . such as a provision 'retaining jurisdiction' over the settlement agreement" because breaching the agreement violates the court's order of dismissal or judgment. *Kokkonen*, 511 U.S. at 381.

Because the court retained jurisdiction until the settlement is completed, the court has jurisdiction to enforce the settlement agreement here. *See Kokkonen*, 511 U.S. at 381. The settlement agreement term at issue states that defendants "will remove from the Internet, including their web site and social media, and all references and links within their control to their association, past or present, with Adoba hotels." Docket 346 at 3. Atmosphere has neither refuted defendants' argument that all terms of the settlement agreement have been fulfilled nor addressed whether the efforts by Blue Ocean Global Technology are sufficient to remove the Adoba references from defendants' website and social media.

A district court "has inherent power to enforce a settlement agreement as a matter of law when the terms are unambiguous." *Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999) (citation omitted). The Eighth Circuit has held that an evidentiary hearing "need be held only if there are substantial questions of fact that are not already a matter of record." *Id.* (citing *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996)). It is well established that settlement agreements are governed by contract law principles. *See id.*

The court first concludes that an evidentiary hearing is unnecessary because the parties previously held a two-day evidentiary hearing, defendants have attached the extensive Blue Ocean Global Technology report showing how defendants have removed references to Adoba hotels since that evidentiary hearing, and Atmosphere has not disputed any factual issues arising from the

4

Blue Ocean report. Thus, there is not a substantial factual dispute over the settlement term at issue here.

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Bergstrom v. Sears, Roebuck & Co.*, 532 F. Supp. 923, 934 (D. Minn. 1982) (internal quotation omitted); *see also McClaskey v. La Plata R-II Sch. Dist.*, 2006 WL 3803686, at *8 (E.D. Mo. Nov. 7, 2006) ("Settlement agreements are favored by the courts."). The court finds that enforcement of the settlement agreement is proper. The court has reviewed the Blue Ocean Global Technology report and finds that it satisfies the settlement agreement term still at issue. The Blue Ocean report concludes "that all controllable references from the internet, including website links from the past and present, with 'Adoba' have been removed at the direction of Mr. Karim Merali." Docket 379-1 at 5. And Atmosphere has not raised any issues with Blue Ocean's work or pointed to any other issues related to fulfillment of other terms in the settlement agreement. Thus, the court finds that defendants have fully complied with the terms of the settlement agreement.

## II. Motion to Amend/Supplement the Amended Complaint

Atmosphere moves to file a second amended complaint in order to add two new causes of action: a breach of contract claim based on defendants' breach of the settlement agreement and a Lanham Act claim. Dockets 387, 387-1. Defendants oppose amendment, arguing that authority cited by

5

Atmosphere only supports pretrial amendment, the parties entered into a contractually binding settlement agreement, and the court only retained jurisdiction to enforce the settlement agreement. Docket 390.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should freely be given when justice requires it. *Id.* A district court may deny leave to amend when there are compelling reasons to do so, "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation omitted). "[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion due to the prejudice involved." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Most post-judgment motions for leave to amend complaints arise in the context of Federal Rules of Civil Procedure 15, Rule 59, and Rule 60. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (stating that post-dismissal "[l]eave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."); *see also* Fed. R. Civ. P. 60(b) (providing that a court "may relieve a party . . . from a final judgment, order, or proceeding" for various reasons listed in the rule). *But see United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d

6

818, 825 (8th Cir. 2009) ("[A] post-judgment motion for leave to assert an entirely new claim is untimely.").

Federal courts are courts of limited jurisdiction and thus may only hear cases over which they have subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377. The court entered a judgment of dismissal without prejudice on September 27, 2016. Docket 330. Because the court only "retain[ed] jurisdiction over this matter until the settlement is completed and a joint motion for dismissal with prejudice is filed," the court's remaining jurisdiction is limited to enforcement of the settlement agreement.

Atmosphere cites to *Foman v. Davis*, 371 U.S. 178 (1962) to support its position that there is legal authority to support granting leave to amend a complaint after judgment is entered. Dockets 388, 391. In *Foman*, the Supreme Court stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. at 182.

*Foman* involved a post-judgment decision regarding leave to amend after the district court granted a motion to dismiss for failure to state a claim upon which relief could be granted—not a dismissal based on the parties' settlement

agreement that subsequently limited the court's jurisdiction over the case. *Id.* at 179. *Foman* also pivoted on how the lower courts erred in denying the plaintiff's motion to vacate a judgment in order to file the amended complaint. *Id.* at 182. Here, Atmosphere has not moved to vacate the court's 2016 judgment that was based on the parties' settlement agreement. *See* Dockets 329, 330. Thus, *Foman* does not support amendment here. Atmosphere also cites Eighth Circuit authority allowing post-judgment amendment and separate Eighth Circuit authority discussing a court's jurisdiction to enforce a settlement agreement when the order of dismissal retains such jurisdiction. *See* Docket 391 (citing *Wilburn v. Pepsi-Cola Bottling Co.*, 492 F.2d 1288 (8th Cir. 1974); *Miener*, 62 F.3d 1126). But Atmosphere has not cited authority holding that a federal court's limited jurisdiction over enforcement of a settlement agreement *includes* allowing a party to amend its complaint to add new causes of action. Thus, despite the liberal amendment standard embodied in the rules, the court will not grant Atmosphere leave to amend its complaint to add two new causes of action.

**CONCLUSION**

Defendants hired Blue Ocean to remove all controllable references to the Adoba hotels from defendants' website and social media as required by the parties' settlement agreement. Atmosphere has not raised any factual issues regarding the Blue Ocean report. Based on the Blue Ocean report, the court concludes that defendants are in compliance with the term at issue in the settlement agreement. Additionally, the court concludes that its limited

8

jurisdiction to enforce the settlement agreement does not include jurisdiction to allow Atmosphere to amend its complaint in order to add two new causes of action based on a breach of the settlement agreement. Thus, it is

ORDERED that defendants' second motion to enforce the settlement agreement (Docket 385) is granted.

IT IS FURTHER ORDERED that Atmosphere's motion to amend the complaint (Docket 387) is denied.

Dated March 21, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE